# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DUSTIN HOLDERREAD | § | |
| | § | |
| | § | Civil Action No. 4:16-cv-00222 |
| v. | § | Judge Mazzant |
| | § | |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ford Motor Credit Company, LLC's, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #11). In the alternative, Defendant moves for a more definite statement of the claims pursuant to Federal Rule of Civil Procedure 12(e). Having considered the relevant pleadings, the Court finds that the motions should be denied.

## I. BACKGROUND

On June 3, 2016, Plaintiff Dustin Holderread ("Holderread") filed this action alleging Defendant Ford Motor Credit Company, LLC ("Ford") violated the Telephone Consumer Protection Act ("TCPA") by calling his cellphone without consent and leaving prerecorded messages, the voicemails of which indicated that the calls were for a Gregory Blackerby (Dkt. #10 at ¶ 7). At least once, Holderread alleges to have spoken to a live agent and requested the calls to stop, but they continued (Dkt. #10 at ¶ 8). According to Holderread, the calls "disrupted, inconvenienced, and agitated" him "because (a) they were not for him, and (b) there was no person to speak to when he answered to demand that the calls stop" (Dkt. #10 at ¶¶ 10–11).

On June 16, 2016, Ford filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #11). On July 14, 2016, Holderread filed a response (Dkt. #17). Ford filed a sur-reply on July 21, 2016 (Dkt. #20).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### B. Rule 12(e) Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of the pleadings when the pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Motions for a more definite statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8 . . . it is clearly the policy of the Rules that Rule 12(e) should not be used to . . . require a plaintiff to amend his complaint which under Rule 8 is

3

sufficient to withstand a motion to dismiss." *Source Data Acquisition, LP v. Talbot Grp., Inc.*, 4:07-cv-294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)). "Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Id.*

## III. ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

Ford claims that Holderread has not pleaded a concrete injury caused by the calls and thus lacks standing to maintain the suit (Dkt. #11 at ¶ 8). Ford also claims that even if Holderread has pleaded concrete injury for some of the calls, he cannot maintain claims for the calls that did not cause concrete injury (Dkt. #11 at ¶ 18). The Court disagrees with these contentions.

The TCPA makes it "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number . . . assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1). The TCPA creates a private right of action in which a person may bring an action for a violation of § 227 and "receive $500 in damages for each such violation." *Id.* § 227(b)(2)(G)(3)(B). Moreover, "[i]f the court finds that the defendant willfully or knowingly violated this subsection . . . the

4

court may . . . increase the amount of the award to an amount equal to not more than 3 times" the $500. *Id.* § 227(b)(2)(G)(3)(C).

The Constitution vests "judicial power of the United States" in federal courts. U.S. CONST. art. III, § 1. However, this power only extends to "cases" and "controversies." *Id.* § 2. Standing to sue is a doctrine developed to ensure federal courts do not exceed their constitutional power. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). Standing limits who can sue in federal court to plaintiffs who can meet three elements. *Id.* "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* The plaintiff has the burden to establish these elements and "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 55, 560 (1992)). A concrete injury must be real and not abstract. *Id.* But a concrete injury can be tangible or intangible. *Id.* at 1549; *see, e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (recognizing a violation of free speech as a concrete injury). "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* at 1549. First, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* And second, "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (alteration in original) (quoting *Lujan*, 504 U.S. at 578). However, this "does not

mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*

The Court finds a TCPA violation can cause intangible concrete harm. As directed by *Spokeo*, the Court should first consider the history of the intangible harm and Congress's judgment. The harm caused by unwanted phone calls is closely related to an invasion of privacy, which is a widely recognized common law tort. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 486 U.S. 749, 763 (1989). "Even if invasion of privacy were not a harm recognized as redressable through a common law tort claim, it would meet the requirement of concreteness as interpreted by *Spokeo* because Congress so clearly identified it as a legally cognizable harm." *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 WL 3645195, at *4 (N.D. W.Va. June 30, 2016). Congress's judgment in enacting the TCPA was to protect consumers' privacy rights. Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394–95 (codified as a note to 47 U.S.C. § 227). Congressional findings that accompany the TCPA illustrate this intent. *See id.* ("[T]he evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy . . . ."). Thus, Congress identified the intangible harm of invasion of privacy as legally cognizable. Considering this history and Congress's judgment, the Court finds an invasion of privacy within the context of the TCPA constitutes a concrete harm that meets the injury-in-fact requirements.

Holderread has alleged an intangible form of concrete harm under *Spokeo*. Holderread alleges that Ford's calls "disrupted, inconvenienced, and agitated" him, woke him and disrupted his sleep (Dkt. #10 at ¶ 10). He also alleges he did not consent to Ford's calls, stating the calls

annoyed "because (a) they were not for him, and (b) there was no person to speak to when he answered to demand that the calls stop" (Dkt. #10 at ¶¶ 6, 11).

Therefore, the Court determines that Holderread has pleaded sufficient facts for his TCPA action to survive a Rule 12(b)(6) motion to dismiss.

### B. Rule 12(e) Motion for More Definite Statement

The Court finds there is no need for a more definite statement. Holderread has provided notice of his TCPA claim and the factual bases on which the claim relies, which is all the Federal Rules require. FED. R. CIV. P. 8(a); *see also Hoffman*, 2009 WL 4825224, at *4 (noting a complaint should put a Defendant on "fair notice of what the claim is and the grounds on which it rests"). The allegations in the complaint provide Ford with enough information to respond to the complaint and to begin defending the action.

Accordingly, the Ford's motion for more definite statement should also be dismissed.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant Ford Motor Credit Company, LLC's Motion to Dismiss (Dkt. #11) pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) are hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 26th day of October, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE